PATTERSON, Judge.
D.J.W. appeals from a restitution order issued in the disposition of an adjudication of delinquency by the juvenile court. D.J.W. admitted to the charge of third degree arson.
I.
A.
D.J.W. first contends that the juvenile court abused its discretion in ordering him to pay restitution of $40,600.19, the uncontested, estimated cash value of the damage to the burned building. He emphasizes the following facts elicited in the juvenile court: that he is 12 years old and is in the sixth grade; that he receives no income of any type; that his mother receives no income except $187 per month in government subsidy and a child support payment on rare occasions; that they receive a rent subsidy; that the insurance company that insured the building is able to bear the loss; that his admission of guilt was to a reckless rather than an intentional act; and that the burned apartment building was vacant, old, and in disrepair.
D.J.W. argues that the juvenile court failed to apply § 15-18-68, Code of Alabama 1975, which provides that in determining the manner, method or amount of restitution, the court may consider the following:
“(1) The financial resources of the defendant and the victim and the burden that the manner or method of restitution will impose upon the-victim or the defendant;
“(2) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court;
“(3) The anticipated rehabilitative effect on the defendant regarding the manner of restitution or the method of payment;
“(4) Any burden or hardship upon the victim as a direct or indirect result of the defendant’s criminal acts;
“(5) The mental, physical and financial well being of the victim.”
As the attorney general points out, it is clear from the language of the Restitution to Victims of Crimes Act, §§ 15-18-65 through -78, that the legislature intended that Act to apply to defendants convicted of criminal offenses. See, e.g., § 15-18-67 (“[wjhen a defendant is convicted of a criminal activity or conduct which has resulted in pecuniary damages or loss to a victim, the court shall hold a hearing ... .”) (emphasis added). An adjudication of delinquency is not a conviction. § 12-15-72(a). Thus, § 15-18-68 is not applicable to the determination of restitution in juvenile cases.
We agree with the attorney general that the restitution order in this case “was entered as an order in ‘disposition’ after a finding of delinquency in proceedings under § 12-15-30(a), Ala. Code 1975, issued pursuant to § 12 — 15—71(e)(4), Ala. Code 1975.” (attorney general’s brief, p. 8.) Section 12-15-71(c)(4) provides, “If a child is found to be delinquent or in need of supervision, the court may ... [m]ake any other order as the court in its discretion shall deem to be for the welfare and best interests of the child, including ... assessment of fines not to exceed $250, and restitution against the parent, guardian, or child, as the court deems appropriate.”
The juvenile court’s determination of restitution is proeedurally governed by Rule 26.11(a), Ala.R.Crim.P. See P.W. v. State, 625 So.2d 1207, 1209 n. 1 (Ala.Cr.App.1993), where this court stated:
*524 “Although we recognize that Rule 25(A), A.R.Juv.P., provides that ‘the conduct of [a juvenile] hearing shall be consistent with legal and due process requirements and shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury, except that the child may not be compelled to be a witness,’ we note that the rules of Juvenile Procedure were adopted in 1977, before the adoption of even the temporary Rules of Criminal Procedure. As we now have permanent Rules of Criminal Procedure, we deem it appropriate to look to those rules for guidance on matters, such as sentencing, that are not covered by the Rules of Civil Procedure.”
Rule 26.11(a) states:
“Restitution should be ordered in all cases where a victim has been injured or damaged. The financial resources and obligations of the defendant and the burden that payment of restitution will impose should be considered in determining how much restitution is to be paid or collected, i.e., whether to be paid by installments and what length of time should be given for payment.”
Thus, the juvenile court, in ordering D.J.W. to pay restitution in the amount of $40,600.19 should have been guided by Rule 26.11(a), as applied within the context of our statutory juvenile law. The law governing juvenile proceedings is found in §§ 12-15-1 through - 176. Section 12-15-1.1 provides in pertinent part:
“This chapter shall be known as the Alabama Juvenile Justice Act. The purpose of this chapter is to facilitate the care, protection and discipline of children who come within the jurisdiction of the juvenile court, ity of the juvenile court to preserve the public peace and security. while acknowledging the
“In furtherance of this purpose, the following goals have been established for the juvenile court:
[[Image here]]
“(7) To hold a child found to be delinquent accountable for his or her actions to the extent of the child’s age, education, mental and physical condition, background and all other relevant factors and to provide a program of supervision, care, and rehabilitation, including rehabilitative restitution by the child to the 'victim of his delinquent acts to the extent that the child, is reasonably able to do so.”
(Emphasis added.)
Clearly, under § 12-15-1.1, the amount of restitution that a juvenile is ordered to pay must be based not only on an amount that compensates the victim but must also take into account the ability of the juvenile to “reasonably” meet the obligation. The goal of juvenile restitution, as stated in § 12-15-1.1, is primarily “rehabilitation]”— not compensation of the victim. See also § 12-15-71(c)(4) (restitution may be ordered against the parent, guardian, or juvenile when to do so would be “for the welfare and best interests of the child”). ■ The limitation in § 12-15-71(c)(4) of $250 on fines against a delinquent also provides insight into the legislature’s intent that a delinquent juvenile’s pecuniary punishment be limited to an amount that a child can generally reasonably be expected to meet.
It is an abuse of discretion to fail to take the following into consideration when fashioning a restitution order in a juvenile court case: 1) The financial resources and obligations of the juvenile; 2) the burden that payment of restitution will impose; 3) the juvenile’s age, education, background, and all other relevant factors; and 4) the rehabilitative effect of the restitution order. See § 12-15-1.1; Rule 26.11(a). In this case, taking into account the lack of financial resources available to D.J.W- and the totality of the circumstances, the trial court clearly discretion by ordering restitution in excess of $40,000. The facts suggest no reasonable-way for D.J.W. to comply with the order. We further find, contrary to the attorney general’s argument, that the facts also fail to suggest any reasonable prospect in D.J.W.’s future for D.J.W. to meet such an obligation. We find instead that restitution of such an amount would not only hinder but would virtually destroy any chance for rehabilitation of D.J.W. Accordingly, we find *525 that this ease must be remanded for the juvenile court to re consider its disposition of DJ.W.’s case. In the event the court again orders restitution, it should do so only after taking the factors discussed in this opinion into consideration: Also, in the event the court again orders restitution, even though a juvenile restitution hearing is not governed by the mandate of § 15-18-69 that following a restitution hearing, “[t]he court shall thereafter enter its order upon the record stating its findings and the underlying facts and circumstances thereof,” we believe that, in keeping with the spirit of that statute’s goal of ensuring the proper exercise of a trial court’s discretion and in order to facilitate this court’s review of the juvenile court’s restitution order, the juvenile court shall follow that procedure.
In addition to ordering D.J.W. to pay restitution of $40,600.19, the trial court directed “the parents, guardian, or other person having care or control” of D.J.W. to pay restitution of $1000. We do not address that order; however, we point out that in arriving at the amount of restitution for such a person or persons, the juvenile court should follow the same principles and procedures as set out above for determining the amount a juvenile should be ordered to pay.
The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur except Cobb, J., who is not sitting.

ON RETURN TO REMAND

PATTERSON, Judge.
D.J.W. appeals from a restitution order issued in an adjudication of delinquency by the juvenile court. On original submission, we remanded this action to the juvenile court, finding that it had abused its discretion in ordering the juvenile to pay $40,600.19 in restitution. D.J.W. v. State, 705 So.2d 521 (Ala.Cr.App.1996) On remand, the juvenile court conducted another evidentiary hearing and again ordered that the appellant pay $40,600.19 in restitution. In support of its judgment, the juvenile court stated, “[A]n order of restitution [for an amount] less than the damage inflicted by a delinquent act would thwart rehabilitative efforts in that one’s financial resources could then be used as an excuse for not being held accountable for one’s actions.” In addition, the juvenile court ordered that the “restitution shall be paid at a reasonable rate as agreed upon by Juvenile Probation Services.”
On original submission, we held that in determining the amount of restitution to be paid by a delinquent juvenile, the juvenile court should consider the provisions of the Juvenile Justice Act, §§ 12-15-1 to -176, Ala. Code 1975, rather than the language of the Restitution to Victims of Crimes Act, §§ 15-18-65 to -78, Ala.Code 1975. Specifically, we held that, in considering the amount of restitution to be imposed on a juvenile for the commission of a delinquent act,
“[i]t is an abuse of discretion [for the juvenile court] to fail to take the following into consideration when fashioning a restitution order in a juvenile court case: 1) The financial resources and obligations of the juvenile; 2) the burden that payment of restitution will impose; 3) the juvenile’s age, education, background, and all other relevant factors; and 4) the rehabilitative effect of the restitution order.”
705 So.2d at 524. Although the juvenile court in its restitution order stated that it considered these factors in making its determination, it nevertheless' ordered the same amount of restitution. In remanding this case again, we will address two portions of the restitution order: 1) the amount of restitution awarded and 2) the sufficiency of the restitution order.
I.
. On remand, the juvenile court did not change the amount of restitution it had initially ordered the juvenile to pay. Although in its order, and on the record, the juvenile court stated that it had considered the factors we developed for determining the amount of restitution to be paid by a delinquent juvenile, it failed to set forth the par *526 ticular facts and circumstances underlying its finding on each of those four factors. The juvenile court determined that, in essence, the failure of a juvenile to pay full and complete restitution for his acts would hinder any rehabilitative effort. In support of this ruling, the juvenile court stated:
“I believe the Court of Criminal Appeals was telling us that we need to take a look at [the amount of restitution ordered], that you know that these kids can’t come up with $40,000. Dadgum, I can’t come up with $40,000 right now either, as far as that goes. I understand the financial situation [the juveniles are] in, but I certainly believe that if we order them to pay an amount of restitution less than the damage that they caused that in essence they are getting away with it. It just seems that that flies in the face of everything that our system is built on, including Juvenile Court.”
Because of these comments, we find it necessary to clarify the holding of our original opinion, in which we announced that “restitution” has different definitions depending on the circumstances under which it is ordered. Specifically, we held that the concept of restitution in a juvenile case is one of “rehabilitative restitution,” which focuses on the rehabilitation of the juvenile rather than on compensation to the victim.
The concept of “rehabilitative restitution” in a juvenile case is a different concept than that of restitution in a criminal case. Compare, § 15-18-65 and § 12-15-1.1. In a criminal context, the general purpose of an award of restitution is to fully compensate the victim of a criminal act. § 15-18-65. The legislature has defined restitution, in the criminal context, as “fflull, partial, or nominal payment of pecuniary damages to the victim or its equivalent in services performed or work or labor done for the benefit of the victim.” § 15-18-66(3). (Emphasis added.) However, in a juvenile case the concept of restitution is one of “rehabilitative restitution”; the main purpose of this specialized type of restitution is the rehabilitation of the juvenile, not necessarily full compensation to the victim. We find that the juvenile court erred in holding, in effect, that the amount of restitution to be levied against the juvenile should be equal to the total amount of pecuniary damages suffered by the victim. If that were the ease, the requirement that the juvenile court consider these four factors would be irrelevant. In fact, the juvenile court would have no discretion in setting the amount of restitution.
Even § 15-18-66(3) does not require that an award of restitution be the full amount of pecuniary loss sufféred by the victim. Rather, the proper determination of the amount of restitution to be paid by a delinquent juvenile is .the amount of restitution that will foster the rehabilitation of the juvenile. In this context, one of the main factors that must be considered by the juvenile court is the amount of restitution that the juvenile is reasonably able to pay. § 12-15-1.1(7). This may mean that in a case such as this one, where two juveniles participate in the same delinquent act that causes the destruction of another’s property, one juvenile may be ordered to pay more restitution than the other juvenile, merely because one juvenile has a greater ability to pay restitution than does the other.
In determining the amount of restitution that a delinquent juvenile should pay, the juvenile court must consider each of the factors we outlined in our previous opinion: 1) the financial resources and obligations of the juvenile; 2) the burden that payment of restitution will impose; 3) the juvenile’s age, education, background, and all other relevant factors; and 4) the rehabilitative effect of the restitution order. Although the juvenile court stated that it had considered all these factors, that court imposed a $40,000 restitution order on a 12-year-old juvenile, whose family’s income is less than $800 a month. It is unreasonable to believe that a child under these circumstances could have the ability and resources to pay $40,000 in restitution before the juvenile court losses jurisdiction.
As we have previously noted, the juvenile court erred in determining that the only proper way to rehabilitate this delinquent juvenile is to require him to pay restitution in the full amount of the victim’s loss. While we agree that an award of the full amount of pecuniary damages may be necessary to fully *527 compensate the victim of the delinquent act, it is not necessarily the proper amount for effective rehabilitation — it is this latter amount that prevails in a juvenile case. The amount of restitution necessary for effective rehabilitation should be determined on a case-by-case basis, with the juvenile court considering each of the factors above. Therefore, we again remand this case to the juvenile court with instructions that it reconsider the amount of the restitution to be imposed in light of the appropriate statutes and this opinion.
II.
We next address the sufficiency of the juvenile court’s restitution order in this case. As noted previously, the juvenile court, in its restitution order, delegated to the “Juvenile Probation Services” the authority to determine the amount of payments that the juvenile would be required to pay. Because the juvenile court erred in this respect, we will briefly outline two requirements that must be met in drafting a valid restitution order in a juvenile case.
A.
First, in its restitution order, the juvenile court must articulate the relevant facts that lead the court to its conclusion. As we stated on original submission, quoting § 15-18-69, the juvenile court shall “enter its [restitution] order upon the record stating its findings and the underlying facts and circumstances thereof.” 7Ó5 So.2d at 525. Although this statement of facts need not be exhaustive, it nevertheless should contain some facts relevant to each factor. Further, the amount of restitution should be supported by those facts. Without these findings, we cannot properly review the restitution order.
In this case, the juvenile court stated the factors it used in determining of the appropriate amount of restitution; however, that court made no findings of fact in relation to the factors it relied on in making its decision. Rather, the juvenile court, in ordering the juvenile to pay in excess of $40,000 in restitution, stated only “that an order of restitution less than the damage inflicted by a delinquent act would thwart rehabilitative efforts in that one’s financial resources could then be used as an excuse for not being held accountable for one’s actions.” This conclusion by the juvenile court, which is obviously the basis of its restitution award, is not based on the facts of this specific case and is contrary to the stated goal of the juvenile restitution statutes.
B.
The second requirement of a juvenile restitution order is that the juvenile court must specify in its order the amount and manner of restitution to be paid. It is in the discretion of the juvenile court to draft an order that the court deems to be in the best interest of the child. § 12-15-71(c)(4). However, in this case, the juvenile court’s restitution order did not state the manner in which the juvenile was to pay this restitution. The juvenile court stated that the manner and amount of payment of restitution was to be determined in the future by “Juvenile Probation Services.” For the following reasons, we believe thát this portion of the order was an improper delegation of the authority of the juvenile court.
A juvenile court that orders a delinquent juvenile to pay restitution may not delegate the authority to fashion the manner and amount of payment to an administrative agency. See, A.J. v. State, 677 So.2d 935 (Fla.Dist.Ct.App.1996). One of the primary purposes of a juvenile court is to make findings of fact, and from those facts determine what action, if any, could be in the juvenile’s best interest. Two factors that bear on a juvenile court’s order of restitution are the rehabilitative effect of the restitution and the ability of the juvenile to pay. These two factors necessarily must be determined from the facts presented at the juvenile hearing. By delegating to an administrative agency the authority to fashion the manner of payment of the restitution, the juvenile court, in effect, is allowing that body to determine not only the best interests of the juvenile but also, to some extent, the ability of that juvenile to pay the restitution. We believe this action is an improper delegation of the juve *528 nile court’s functions and thwarts appellate review.
However, it should be noted that a juvenile court that has adjudicated a juvenile delinquent retains continuing jurisdiction over the juvenile’s' case. This jurisdiction does not terminate until the juvenile reaches the age of 21, the juvenile court terminates its jurisdiction by court order, or the juvenile is convicted in criminal court of a crime committed after the juvenile turns 18. § 12 — 15— 32. When the jurisdiction of the juvenile court terminates, for whatever reason, this jurisdiction is completely terminated. M.C. v. State, 600 So.2d 387 (Ala.Crim.App.1991). In a juvenile case where the court orders restitution, the provisions and conditions of the restitution order terminate at the moment the juvenile court no longer retains jurisdiction over the matter. Therefore, the juvenile court must itself determine the amount of restitution and the manner in which it should be paid. Further, because the restitution order may mandate a periodic payment schedule based on the ability of the juvenile to pay such restitution, the juvenile court, retaining continuing jurisdiction over the delinquency order, may wish to modify its restitution order as the ability of the juvenile to pay such restitution changes.
Accordingly, we remand this case to the juvenile court with instructions that it reconsider the restitution order in light of this opinion. Further, the juvenile court should make specific findings of fact which support its decision.
The juvenile court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return' to this court at the earliest possible time within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.

ON SECOND RETURN TO REMAND

PATTERSON, Retired Appellate Judge.
D.J.W., appeals from a restitution order issued in an adjudication of delinquency by the juvenile court. On June 21, 1996, we remanded the ease to the juvenile court, holding that the juvenile court had abused its discretion in ordering D.J.W. to pay $40,-600.19 in restitution and instructing the juvenile court to .reconsider the issue of restitution. On September 3, 1996, the juvenile court filed with this court a return to remand showing that it had held another evidentiary hearing and had again ordered that D.J.W. pay $40,600.19 in restitution. Because the juvenile court failed to fully comply with our instructions in that it failed to state specific findings of fact supporting its decision, on December 20, 1996, we again remanded the case with instructions that the juvenile court reconsider the amount of the restitution to be imposed and make specific findings of fact to support its decision. The juvenile court has filed a return to that second order of remand.
Although the juvenile court did not make specific findings of fact as ordered, the court’s order of April 9, 1997, shows that it reconsidered , the issue of restitution against D.J.W. and determined that the restitution issue will remain “open”; the order indicates that the court will review the case in six months. We interpret this order as vacating that part of its prior order that required D.J.W. to pay $40,600.19 in restitution. We note, however, that should the juvenile court again order restitution against D.J.W. in this case, D.J.W. shall have the right to appeal.
On original submission D.J.W. contended that the juvenile court erroneously ordered “the parents, guardian, or other person having care or control” of D.J.W. to pay restitution of $1,000, pursuant to § 6-5-380, Code of Alabama 1975. The order of April 9,1997, requires that the restitution to be paid by D.J.W.’s parents be limited to the same sum paid by the parents of D.J.W.’s co-offender. Although the court’s order does not show the amount of restitution ordered, it can be inferred that the juvenile court reduced the original amount. No objection has been raised as to this portion of the order; we, therefore, presume that whether restitution is to be paid by D.J.W.’s parents is no longer an issue.
For the above reasons, the judgment of the juvenile court is due to be, and it is hereby, affirmed.
*529 The foregoing opinion was prepared by Retired Appellate Judge JOHN PATTERSON while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All Judges concur.